■ In the Matter of ROBERT FISHER, Respondent, v RICHARD CONDON, as Commissioner of the Division of Criminal Justice Services, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 20, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to return to petitioner all records of a prior arrest.

---

In March 1976, petitioner, then 17 years of age, was arrested for criminal possession of a controlled substance in the seventh degree *(see,* Penal Law § 220.03). His plea of guilty to that offense in the Justice Court of the Town of Cairo, Greene County, resulted in a small fine and youthful offender status. With respect to that adjudication and pursuant to CPL 160.50 (1), an order dated April 22, 1983 of the Cairo Town Justice directed respondent to return to petitioner or his attorney "every photograph of such person or photographic plate, proof and all palm prints and fingerprints taken or made of such person * * * and all duplicates and copies thereof". Respondent never initiated any judicial proceeding challenging that order. Instead, respondent sent the Town Justice an "official inquiry" seeking further information and, on the basis of his answer, which consisted of marking a box on a preprinted form, refused to return petitioner's fingerprints. Petitioner thereupon commenced the instant CPLR article 78 proceeding in the nature of mandamus. Special Term granted the petition.

Respondent now appeals, urging that the Town Justice's order is facially inconsistent. Be that as it may, as Special Term pointed out, there is no question that the order went unchallenged by a motion to intervene or by direct appeal via an article 78 proceeding. The order's unambiguous directive that respondent hand over the fingerprints is, therefore, final and binding on respondent.

Parenthetically, were we to address the merits, it is clear that the underlying proceeding falls within the definition of a termination in favor of the accused as defined by CPL 160.50 (2). The accusatory instrument alleged a violation of Penal Law article 220 prior to the taking effect of Penal Law article 221 *(see,* CPL 160.50 [2] [k] [i]); the sole controlled substance involved was marihuana *(see,* CPL 160.50 [2] [k] [ii]); the conviction, though the proceeding terminated in a youthful offender adjudication, was nonetheless only for a violation *(see,* CPL 160.50 [2] [k] [iii]); and at least three years have passed since the offense occurred *(see,* CPL 160.50 [2] [k] [iv]).

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.